# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH WAYNE LEWIS, | Civil Action No. 17-5475(FLW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| JEFF SESSIONS, et al., | |
| Defendants. | |

Kenneth Wayne Lewis, a prisoner confined at FCI Fort Dix, New Jersey, has submitted a Complaint for "Criminal Charges" and Privacy Act violations against numerous federal Defendants. He has also submitted an application to proceed *in forma pauperis* ("IFP"). For the reasons explained below, the Court will deny without prejudice Plaintiff's IFP application and direct him to clarify his claims within 45 days of the date of this Memorandum and Order.

By way of background, Plaintiff has already brought a similarly captioned Complaint against some of the same Defendants, which was assigned to the Honorable Robert B. Kugler. (*See* Civ. Act. No. 17-4240). Because it appeared that Plaintiff was asking the Court to file criminal charges against certain federal employees, Judge Kugler issued an Order to Show Cause directing Plaintiff to clarify his claims. (ECF No. 17-4240, at ECF Nos. 1, 3.) As Judge Kugler explained,

> Plaintiff cannot bring criminal charges in this Court; that power lies solely with the executive branch. *See Dicent v. Sears Holdings*, No. 3:17-CV-332, 2017 WL 1045066, at *5 (M.D. Pa. Feb. 27, 2017) (citing cases), report and recommendation adopted, No. 3:17-CV- 00332, 2017 WL 1042470 (M.D. Pa. Mar. 17, 2017). He may, however, attempt to bring these claims in a civil rights action

1

> brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is therefore advised that construing the complaint as a civil action will subject him to a $350 filing fee that will be deducted from his prison account if his IFP application is granted. Before the Court construes the document as a civil rights action, Plaintiff shall be given the opportunity to advise the Court whether he wishes to proceed with a *Bivens* action or withdraw the Complaint.

(Civ. Act. No. 17-4240, ECF No. 3, at 1.) Judge Kugler provided Plaintiff with 45 days in which to inform the Court as to whether he sought to bring a *Bivens* claim. In response to the Court's Order, Plaintiff reiterated that the matter was a criminal action and not a civil rights complaint, and the Court dismissed the Complaint for lack of jurisdiction on September 21, 2017. (*Id.* at ECF Nos. 4-5, 6-7.)

In the meantime, the instant Complaint, which names many of the same Defendants, was docketed on July 26, 2017, and initially assigned to Judge Kugler. (Civ. Act. No. 17-5475, ECF No. 1.) Because the Complaint names Judge Kugler and the Honorable Jerome B. Simandle as Defendants, the matter was transferred to the undersigned on August 8, 2017. (ECF Nos. 1, 3.)

The instant Complaint also asks the Court to bring criminal charges against various federal Defendants. In addition to a criminal complaint, the Court also construes Plaintiff's complaint as one under the Privacy Act, *see* 5 U.S.C. § 552, with respect to records maintained by the Federal Bureau of Prisons ("BOP").

As a civil action, Plaintiff's Complaint is subject to the requirements of 28 U.S.C. § 1915. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint.

28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does <u>not</u> permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring

another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Court has reviewed Petitioner's IFP applications (ECF Nos. 1-4, and 21), and finds that his IFP applications fail to comply with 28 U.S.C. § 1915 because he has not included a six-month account statement that is certified by the appropriate prison officials. As such, the Court will deny without prejudice Plaintiff's IFP application and administratively terminate this action at this time. If Plaintiff chooses to proceed with this civil action, he shall submit a complete IFP application, including the certified six-month account statement, within 45 days.

Should Plaintiff choose to proceed with this civil action, the Court also directs him to clarify the type(s) of claims he is seeking to assert. As explained by Judge Kugler, Petitioner may not bring a criminal complaint in this Court. Plaintiff's only options with respect to these claims are to either have the Court construe his allegations as *Bivens* claims or have the Court dismiss these claims for lack of jurisdiction.

Finally, Petitioner has submitted numerous documents (ECF Nos. 4-28) in addition to his Complaint and IFP application. Neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits Plaintiff to submit numerous addenda to his Complaint in this piecemeal fashion. Should Plaintiff choose to proceed with this action, he may submit a single all-inclusive Amended Complaint within 45 days that complies with Rules 8 and 15 of the Federal Rules of Civil Procedure.

**THEREFORE, IT IS,** on this 3rd day of November, 2017,

**ORDERED** that that Plaintiff's IFP application is denied **WITHOUT PREJUDICE** for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action at this time; and it is further

**ORDERED** that that if Plaintiff chooses to proceed with this action, he shall submit a complete IFP application, including the certified six-month account statement, within 45 days; and it is further

**ORDERED** that if Plaintiff chooses to proceed with this action, he shall inform the Court whether he wants the Court to construe his claims seeking "criminal charges" as *Bivens* claims; and it is further

**ORDERED** that if Plaintiff chooses to proceed with this action, he may submit a single all-inclusive Amended Complaint within 45 days that complies with Rules 8 and 15 of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff copies of the form to be used by a prisoner in a civil rights case, *i.e.*, DNJ-ProSe-006.pdf, and the IFP form to be used by a prisoner in a civil rights case, *i.e.*, DNJ-ProSe-007-A.pdf; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

/s/     Freda L. Wolfson
Freda L. Wolfson,
United States District Judge