# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| KENNETH WAYNE LEWIS, | : |
| :--- | :--- |
| Plaintiff, | : |
| v. | : Civil Action No. 17-5475-CFC |
| BUREAU OF PRISONS, et al., | : |
| Defendants. | : |

## MEMORANDUM

1. **Introduction.** Plaintiff Kenneth Wayne Lewis ("Plaintiff"), an inmate at FCI Fort Dix in Fort Dix, New Jersey, commenced this action on July 26, 2017. (D.I. 1) Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 45) The Amended Complaint (D.I. 32) is the operative pleading. The Court screens and reviews the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

2. **Background.** In February 2014, Plaintiff was found guilty by a jury on a fifteen-count indictment (Counts 1-4 wire fraud; Counts 5-15 money laundering) in the United States District Court for the Central District of Illinois, *United States v. Lewis*, Crim. No. 12-10082). *See Lewis v. Sessions*, 2017 WL 3531477, at *1 (D.N.J. Aug. 17, 2017). In June 2014, Plaintiff received a 151-month sentence on the wire fraud convictions and a 120-month sentence on the money laundering convictions to be served consecutively to each other for a total of 271 months imprisonment. *Id.* On appeal, the United States Court of Appeals for the Seventh Circuit vacated the convictions for money laundering and remanded to the district court for resentencing on

1

the wire fraud convictions. *Id.* An amended judgment was entered on August 22, 2016, and Plaintiff was resentenced to 135 months imprisonment on the four wire fraud count convictions. *Id.*

3. In the instant case, the original Complaint sought to bring criminal charges against various federal Defendants. (D.I. 29) The original Complaint was also construed as raising a claim under the Privacy Act, 5 U.S.C. § 552, with respect to records maintained by the Federal Bureau of Prisons ("BOP"). On November 3, 2017, Plaintiff's applications to proceed *in forma pauperis* (D.I. 1-4, 21) were denied without prejudice because Plaintiff failed to include a certified six-month trust fund account statement as required by 28 U.S.C. § 1915(a)(2), and the case was administratively closed. (D.I. 29)

4. Plaintiff was advised that if he opted to proceed with this civil action, within 45 days he was to: (1) submit a complete *in forma pauperis* application and certified six-month account statement; (2) clarify the types of claims he wished to assert; and (3) submit a single all-inclusive Amended Complaint that complied with Rules 8 and 15 of the Federal Rules of Civil Procedure. (*Id.*) Plaintiff was advised that he could not bring a criminal complaint in this Court and that his only options were to either have the Court construe his allegations as *Bivens*[1] claims or have them dismissed for lack of

---

[1] When a litigant sues federal actors for damages on constitutional grounds, the claim is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

jurisdiction. (*Id.*) Plaintiff was provided a complaint form[2] and an *in form pauperis* application. (*Id.*)

5. On November 14, 2017, Plaintiff submitted an affidavit of pleading, on November 28, 2017, he submitted an affidavit of declaration, and on December 4, 2017, he submitted a new *in forma pauperis* application, a certified copy of his prison trust account, and an Amended Complaint. (D.I. 30, 31, 32) On December 7, 2017, the case was reopened. Plaintiff continued filing affidavits and documents, some of which appear to be motions, including a request for default even though no Defendant had been served, and the Amended Complaint had not been screened. (D.I. 33-43) The matter was assigned to me on September 26, 2018. (D.I. 44)

6. **Amended Complaint.** As noted, Plaintiff was directed to submit a single all-inclusive Amended Complaint that complied with Fed. R. Civ. 8 and 15. Within a very short time after submitting the Amended Complaint, Plaintiff submitted a document that contained several exhibits. (*See* D.I. 33) Accordingly, in screening the Amended Complaint the Court considers the Amended Complaint (D.I. 32) and the exhibits at D.I. 33. Plaintiff's numerous other filings are not considered to the extent Plaintiff intended them as supplements, addenda, amendments, or exhibits to the Amended Complaint.

7. The Amended Complaint names 234 Defendants. (D.I. 32 at 5-12) The Amended Complaint: (1) alleges violations of the Privacy Act due to inaccurate records under 5 U.S.C. §§ 552a(e)(5), 552a(g), 552a(g)(1)(c), and 552a(g)(4); (2) invokes the False Claim Act, 31 U.S.C. §§ 3729(a)(2), 3729(a)(3), and 3730 as a means to establish

---

[2] Plaintiff did not use the form.

3

"commercial liens"; (3) speaks to conspiracy and violations of the right to due process; (4) alludes to violations of federal criminal law and refers to 18 U.S.C. §§ 4, 10, 1001, 1201, 1203, 1346; and (5) seeks habeas relief, including immediate release, due to illegal incarceration.

8. The Amended Complaint also refers to a multitude of "lien debtors." (*Id.* at 22-28) Of the 234 Defendants, only ten Defendants are specifically mentioned in the Amended Complaint (the ten Defendants specifically mentioned in the allegations will be referred to "the named Defendants"). They are the United States Department of Justice ("USDOJ"), Case Manager Boyd ("Boyd"), Probation Officer David Burgess ("Burgess"), Probation Officer Mary Kennedy ("Kennedy"), retired Ft. Dix Associate Warden Laura Mason ("Mason"), Ft. Dix Warden David Ortiz ("Warden Ortiz"), the BOP, Patricia Sanges ("Sanges"),[3] United States District Court Judge James Shadid ("Judge Shadid"),[4] and United States Magistrate Judge Jonathan E. Hawley ("Judge Hawley").[5]

9. For relief, Plaintiff seeks compensatory damages and financial remedies to "address the wrong of inaccurate files and records" and penal liability requiring "full value" compensation. (D.I. 32 at 29-30) Plaintiff also seeks the issuance of subpoenas to prove inaccurate files and records. (*Id.* at 29-30) He alleges that the "subpoenas will depict that there was a violation of 'due process,'" and the inaccurate files and records

---

[3] One of Plaintiff's victims in his criminal case. (*See* D.I. 33 at 44, 45)

[4] The judge who presided over Plaintiff's criminal case, *United States v. Lewis*, Crim. No. 12-10082-JES-JEH (C.D. Ill.)

[5] The magistrate judge to whom matters were referred in Plaintiff's criminal case.

permitted his illegal imprisonment. (*Id.* at 30) The documents he seeks are all related to his underlying criminal conviction. Plaintiff also seeks his immediate release, and the government's return of all his seized funds and property. (*Id.*)

10. **Legal Standards**. A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

11. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

12. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

13. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

14. A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ.

6

P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

15. **Habeas Corpus.** It appears that Plaintiff seeks habeas relief given that he alleges unlawful confinement and seeks immediate release. (D.I. 32 at 37-48) The gist of Plaintiff's Amended Complaint is that Probation Officers Burgess and Kennedy did not issue a revised or amended presentence report in his criminal case on sentencing remand and this rendered his resentencing and subsequent imprisonment illegal. Plaintiff has raised this issue in numerous other cases. *See e.g., Lewis v. Sessions,* 2017 WL 3531477. Plaintiff alleges there is no evidence to support the PSR and, because the PSR was not amended, there is no evidence to substantiate restitution, and Plaintiff's sentence constitutes "fraud" "in accordance with Rule 9(b)." (D.I. 32 at 16)

16. He also alleges violations of his right to due process because inaccurate files and records permit his illegal imprisonment. (*Id.* at 32) Plaintiff specifically refers to Sanges, one of his victims, and her alleged losses, noting the criminal documents contain two different sums. (*Id.* at 16) Plaintiff questions how Judge Shadid arrived at the 135-month sentence. He contends the amended judgment and commitment order are null and void, and this calls into question the accuracy of the entire docket in his criminal case. (*Id.*) Finally, Plaintiff alleges that Judge Shadid deliberated, but did not adjudicate, objections to the PSR all in violation of federal criminal statutes. (*Id.* at 19)

17. As previously determined by this Court, regardless of how Plaintiff labels his PSR claim, it clearly questions the legality of his federal sentence. *See Lewis v. Sessions,* 2017 WL 3531477, at *2. Thus, to the extent he seeks habeas relief, Plaintiff

must file a separate petition for writ of habeas corpus. *See Lewis v. Sessions*, 2017 WL 3531477; *Lewis v. Lewis*, 2017 WL 2225573 (D.N.J. May 19, 2017); *Lewis v. Lynch*, 2017 WL 2256959 (D.N.J. May 19, 2017); *Lewis v. Lynch*, 2016 WL 7217600 (D.N.J. Dec. 13, 2016). Notably, Plaintiff has been advised at least twice that this Court lacks jurisdiction to consider his habeas petition. *See Lewis v. Sessions*, 2017 WL 3531477, at *3; *Lewis v. Lynch*, 2016 WL 7217600, at *2-3. Accordingly, the claim will be summarily dismissed.[6]

18. **Privacy Act**. Plaintiff's main claims are raised under the Privacy Act, 5 U.S.C. § 552a. Plaintiff alleges his BOP file and his public records within the court system are inaccurate and, thus, violate the Privacy Act for failure to maintain accurate files. (D.I. 32 at 34) As discussed above, Plaintiff alleges the amended judgment and commitment order are null and void and call into question the accuracy of the entire docket sheet in his criminal case. (*Id.* at 16) He further alleges that in the criminal matter, Counts 1-4 are inaccurate which makes the court records violative of § 552a(e)(5) and activated those sections of the Privacy Act that establish civil remedies. (*Id.* at 17) The Amended Complaint alleges there is no amended PSI, no valid restitution under 18 U.S.C. § 3664, no valid judgment and commitment order, and the PSR does not contain the signatures of Probation Officers Burgess and Kennedy, all

---

[6] To the extent Plaintiff intends to raise *Bivens* claims against Judge Shadid and Judge Hawley, they have judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (judicial officers in the performance of their judicial duties, enjoy absolute immunity from suit). To the extent Plaintiff intends to raise *Bivens* claims against Probation Officers Burgess and Kennedy, they, too, are immune from suit. "[A] probation officer acting in a judicial capacity is entitled to absolute immunity." *Stankowski v. Farley*, 251 F. App'x 743, 747 (3d Cir. 2007) ("Preparing the presentence report thus was a quasi-judicial function for which [the probation officer] is absolutely immune from suit.").

in violation of § 522a(g)(4). (*Id.* at 19) Finally, Plaintiff alleges the BOP uses his PSR for classification and designation.[7] (*Id.* at 15)

19. "The Privacy Act 'governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records.'" *See Kates v. King*, 487 F. App'x 704, 706 (3d Cir. 2012) (quoting *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1304-05 (11th Cir. 2004) ) (alteration in original). The Act provides that "[w]henever any agency" fails to comply with any provision of the statute, "the individual may bring a civil action against the agency." 5 U.S.C. § 552a(g)(1). The Act authorizes suit against federal agencies only and not individual employees of an agency. *See Kates*, 487 F. App'x at 706. To the extent Plaintiff seeks to bring Privacy Act claims against the individually named Defendants, the Amended Complaint fails to state claims against them.

20. In addition, the BOP has exempted its central record system (where an inmate's PSR is located) from the Privacy Act's relevant enforcement provisions. *See Kates*, 487 F. App'x at 707 (citing 28 C.F.R. § 16.97(a)); *see also Fendler v. United*

---

[7] Plaintiff availed himself of the prison's administrative remedies. (*See* D.I. 32 at 13; D.I. 33 at 33-35) After finding against him, Plaintiff appealed the Fort Dix Warden's decision and alleged illegal confinement because the sentencing court failed to issue a revised PSR when Plaintiff was resentenced, contended the BOP had no legal basis for Plaintiff's incarceration, and requested an immediate release. (D.I. 33 at 18) A May 4, 2017 response to the appeal from the BOP Regional Director advised Plaintiff that Unit staff sent correspondence to the United States Probation Office and it was determined by the sentencing judge that a revised PSR would not be issued prior to resentencing. (*Id.*)

States Bureau of Prisons, 846 F.2d 550, 553-54 (9th Cir. 1988). Plaintiff also refers to incorrect records in the court docket of his criminal case. However, the "Court is not an 'agency' as defined by the Act, and neither it nor its records are circumscribed by its restrictions. See Standley v. Department of Justice, 835 F.2d 216, 218 (9th Cir. 1987) ('The Privacy Act does not apply to records of "the courts of the United States."') (quoting 5 U.S.C. § 551(1)(B))." Lane v. Federal Bureau of Prisons, 2015 WL 2213635, at 9 (M.D. Pa. May 11, 2015). Nor may a claim be raised against United States Probation Office because it is a unit of the federal court and is not subject to the Privacy Act. See Kates, 487 F. App'x at 706 (other citations omitted).

21.     The USDOJ is the only named Defendant that is also an agency. However, it is named only as part of the civil remedy scheme of the Privacy Act, 5 U.S.C. § 552a(g)(4), which Plaintiff attempts to enforce through the False Claims Act. As discussed below, the False Claims Act claim will be dismissed. Plaintiff's Privacy Act claims fail as a matter of law. Therefore, they will be dismissed.

22.     **False Claim Act.** Plaintiff invokes the False Claim Act to assert commercial liens because each Defendant "was advised and afforded the opportunity to rebut, respond, and answer and all remained silent due to civil conspiracy." (D.I. 32 at 18, 20-29) The commercial liens are directed to each identified defendant with restitution amounts, inclusive of the USDOJ, as a remedy allowed under the Privacy Act, § 552a(g)(4). It appears the lien amounts are actually damages sought by Plaintiff, and the amounts are those allegedly owed by each lien debtor to be payable to Plaintiff.

23. To establish a prima facie case under the False Claims Act, a plaintiff must prove: (1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) defendant knew the claim was false or fraudulent. *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 182 (3d Cir. 2001). A private individual, otherwise known as a relator, may bring a civil action in the name of the United States to enforce this provision of the False Claims Act and may share a percentage of any recovery resulting from the suit. *See* 31 U.S.C. § 3730(b), (d).

24. It appears the False Claims Act is invoked in lieu of the prayer for relief. The false or fraudulent report (*i.e.*, PSR) referred to by Plaintiff is not a claim for payment by the federal government or with federal funds which is the type of claim that the False Claims Act is designed to address. *See* 31 U.S.C. § 3729(c) (defining the term "claim" to include a "request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded"). Nor does Plaintiff provides facts indicating that his case has anything to do with defrauding a government program. Finally, a *pro se* litigant, like Plaintiff, may not pursue a qui tam action on behalf of the Government. *See Gunn v. Credit Suisse Group AG*, 610 F. App'x 155, 157 (3d Cir. 2015). Therefore, to the extent Plaintiff asserts claims under the False Claims Act, they are dismissed.

25. **Criminal Charges**. The Amended Complaint refers to several federal criminal statutes. Plaintiff has been told that he cannot bring criminal charges in this Court, yet he disregards the Court's advice. (*See* D.I. 29) In addition, the Amended

Complaint does not indicate if Plaintiff intends for the criminal charges to be raised as *Bivens* claims as the Court directed in its November 3, 2017 order. To the extent Plaintiff intends to raise claims under federal criminal statutes, either criminally or civilly, they will be dismissed.

26. **Conspiracy.** To the extent Plaintiff attempts to allege a *Bivens* civil conspiracy, the claim fails. It appears this claim is based upon Defendants' failure to "rebut and respond" to Plaintiff numerous pleadings, notices, demands, and notices of default and default judgment. (17) The Amended Complaint contains several references to "civil conspiracy" and "overt acts."

27. A conspiracy claim under *Bivens* requires that a complaint contain "enough factual matter (taken as true) to suggest that an agreement was made," in other words, "plausible grounds to infer an agreement." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 556). It is not plausible that the huge number of "lien debtors" followed by the adjective "civil conspiracy" agreed to deprive Plaintiff of his civil rights. In addition, the Amended Complaint fails to allege any facts to support an inference that there was an agreement to deprive Plaintiff of his civil rights. The Court's experience and common sense lead it to recognize that the conspiracy allegations do not state a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Therefore, the claim will be dismissed as frivolous.

28. **Conclusion.** For the above reasons, the Court will dismiss with prejudice the Amended Complaint because many Defendants are immune from suit (*see* n.6, *supra*) and the claims are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and

§ 1915A(b)(1) and (2). The Court finds amendment futile. The Court will deny as moot any requests for relief made by Plaintiff subsequent to filing the Amended Complaint. (*See* D.I. 33-43) An appropriate order will be entered.

Dated: November 19, 2018

UNITED STATES DISTRICT JUDGE